## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

Recovery Pump LLC d/b/a RP Sports,

       Plaintiff,

       v.

Rapid Reboot Recovery Products LLC,

       Defendant.

JURY TRIAL DEMANDED

## PLAINTIFF'S ORIGINAL COMPLAINT
## TO THE HONORABLE JUDGE OF SAID COURT

Plaintiff, Recovery Pump LLC d/b/a RP Sports ("RP Sports"), by and through its undersigned attorneys for its complaint against Defendant, Rapid Reboot Recovery Products LLC ("Defendant"), respectively alleges as follows:

### Parties

1.      Plaintiff, Recovery Pump LLC d/b/a RP Sports, is a Pennsylvania limited liability company with a principal place of business at 9 LaCrue Street, Suite #108, Glen Mills, Pennsylvania 19342.  RP Sports is the owner of the intellectual property at issue in this case.

2.      Defendant, Rapid Reboot Recovery Products LLC is a Utah limited liability corporation, with a principal address of 1262 W 3150 N Pleasant Grove, Utah 84062.

### Jurisdiction and Venue

3.      This action arises under the Acts of Congress relating to the Lanham Act, Title 15 U.S.C. § 1051, *et seq.*, and common law.   As such, this court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331, 1332 and 1338 because this action involves federal questions of law.

4.    Defendant is subject to this Court's personal jurisdiction because Defendant has purposefully availed itself of this District.  Defendant has participated in multiple trade shows in this District in which it has carried out its infringing activities in advertising, promoting and selling its portable pneumatic compression pump systems, including its pneumatic compression boots, at issue in this litigation.  In addition, Defendant has also committed acts of infringement in this District since Defendant has an active, online website that is accessible by and allows for the purchase, sale and shipment of the infringing products to consumers within this District. Defendant's website includes an online store and a prominent "ORDER YOURS NOW" button allowing consumers in this judicial district to directly purchase and receive its products. Defendant therefore has sufficient minimum contacts with this jurisdiction and it would be reasonable to require Defendant to defend a lawsuit brought in this state.  Likewise, for similar reasons, a substantial portion of the events giving rise to this case occurred in this jurisdiction.

5.    This court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.  This court has supplemental jurisdiction over the claims brought under the common law and state law claims pursuant to § 1367(a).

6.    Venue is proper in this judicial district pursuant to Title 28 U.S.C. § 1391(b).

**Background as to RP Sports' Business and Intellectual Property**

7.    Since at least as early as January 2011, RP Sports has been a leading provider of portable pneumatic compression systems to athletes and the athletic industry.  Use of portable pneumatic compression systems by athletes for recovery and rehabilitation is a relatively new and increasingly popular therapeutic technique and, as a pioneer in the field, RP Sports has become one of the most well-respected and well-known providers of portable pneumatic

compression systems specifically for use by athletes.  The cornerstone of the RP Sports brand is its portable pneumatic compression pump system, a portable compression pump combined with pneumatic compression garments that are used by serious athletes, including many professional and college sports teams, throughout the United States.  RP Sports compression garments include its popular RECOVERYBOOTS® pneumatic compression boots.

8.     Since at least as early as July 2011, RP Sports has adopted and used the RECOVERYBOOTS® mark for its pneumatic compression boots.

9.     On November 29, 2011, RP Sports received federal trademark registration No. 4,064,772 on the Principal Register of the U.S. Patent and Trademark Office for the mark RECOVERYBOOTS® for "pneumatic compression boots for treatment of medical conditions and therapeutic use" in International Class 10.  RP Sports first used this mark as early as July 2011.  Section 8 and 15 Declarations have been filed and approved, thus, this mark has become incontestable under 15 U.S.C §1065.

10.     The above-referenced registration for RECOVERYBOOTS® is in full force and effect.

11.     Through RP Sports' substantial advertising, marketing and promotional efforts of its RECOVERYBOOTS® pneumatic compression boots, consumers have come to associate RECOVERYBOOTS® with RP Sports' pneumatic compression boots.

12.     The market success of the pneumatic compression boots offered under the RECOVERYBOOTS® mark has been significant, and the relevant public has come to rely upon and recognize RP Sports' pneumatic compression boots by the RECOVERYBOOTS® mark. The RECOVERYBOOTS® mark has substantial goodwill associated with it.

13.     Since at least as early as 2011, RP Sports has continuously and consistently used its distinctive green and white color combination and distinctive block print font, and various other unique elements, including, without limitation a stylized "V" design as part of its RECOVERYPUMP® mark, on its products and on all of its marketing materials, including its website, social media accounts, brochures, catalogs, and exhibit booths (the "RP Sports Trade Dress").  The following images illustrate RP Sports' use of the RP Sports Trade Dress on its products, website, product catalog, Facebook account, Twitter account, and trade show booth:



| RP Sports Trade Show Booth | RP Sports Twitter Page |
| --- | --- |



14.     The RP Sports Trade Dress has acquired distinctiveness through its continuous and exclusive use by RP Sports since 2011 in connection with its products.

15.     Through RP Sports' substantial advertising, marketing and promotional efforts of its products, consumers have come to associate the RP Sports Trade Dress with RP Sports and its products.

16.     The RP Sports Trade Dress has become well known throughout the general community of individuals seeking recovery and rehabilitation products for athletes.  Through its use of the RP Sports Trade Dress, RP Sports has developed a very positive reputation for its products and has been recognized as a leader and a pioneer in the field of portable pneumatic compression systems, and other sports technologies, used by athletes for recovery and rehabilitation.

17.     The RP Sports Trade Dress has substantial goodwill associated with it.

18.     RP Sports carefully monitors its trademarks and the RP Sports Trade Dress and vigorously defends its trademarks and the RP Sports Trade Dress against infringers and potential infringers.

19.     RP Sports has previously notified Defendant of RP Sports' rights in its RECOVERYBOOTS® mark and the RP Sports Trade Dress and demanded that Defendant discontinue all use of the RP Sports' RECOVERYBOOTS® mark and its trade dress that is nearly identical, and confusingly similar, to RP Sports Trade Dress.

## Background as to Defendant's Unlawful Conduct

20.     For a period of more than six years, RP Sports has spent considerable time, money and effort to establish its products and associated trademarks, including the RP Sports Trade Dress.  Through its efforts, RP Sports has become well known in its field and its portable pneumatic compression pump systems have become well known and well respected among consumers, and potential consumers, of such products.  Defendant, a recent newcomer and competitor in the field of pneumatic compression systems, has deliberately chosen to use designations identical to RP Sports' RECOVERYBOOTS® mark to promote its less expensive version of pneumatic compression boots and to adopt a trade dress nearly identical, and confusingly similar to, RP Sports Trade Dress to promote its company and its less expensive portable pneumatic compression pump products that are of inferior quality when compared to RP Sports' portable pneumatic compression pump products.  Defendant has deliberately taken these action in order to take a free ride on the substantial goodwill and reputation that RP Sports has built in its company, its products, the RECOVERYBOOTS® mark, and the RP Sports Trade Dress.

21.     In or around May 2016, Defendant commenced use of the RECOVERYBOOTS and RECOVERY BOOTS designation to promote its competing pneumatic compression boots on Defendant's website and on accounts on various social media platforms that it controls, including Facebook, Twitter and Instagram.  *See* Exhibit A.

22.     In or around May 2016, after the RP Sports Trade Dress had acquired distinctiveness and RP Sports had established significant goodwill in the RP Sports Trade Dress, Defendant commenced advertising, marketing, promoting, offering for sale, selling and/or distributing portable pneumatic compression pump systems for athletes using the identical distinctive green and white colors and font and utilizing various features nearly identical, and confusingly similar, to the RP Sports Trade Dress ("Defendant's Infringing Trade Dress").  The following are representative screenshots from Defendant's website and RP Sports website which illustrate Defendant's Infringing Trade Dress as compared to the RP Sports Trade Dress:

| RP Sports Web Pages | Rapid Reboot Web Pages |
|---|---|



23.     Defendants portable pneumatic compression pump systems, including its pneumatic compression boots, are marketed to the identical customers to whom RP Sports markets its products, namely athletes, athletic trainers, and athlete recovery facilities.

24.     Defendants portable pneumatic compression pump systems are offered in the same channels of trade as RP Sports offers its products, including direct-to-consumer channels via a website and at various tradeshows and conventions targeting athletes and athletic trainers.

25.     On June 21, 2017, RP Sports sent a cease-and-desist letter to Defendant in which RP Sports informed Defendant of RP Sports' rights in and to its RECOVERYBOOTS® mark and the RP Sports Trade Dress.  In the letter, RP Sports objected to Defendant's use of the RECOVERY BOOTS and RECOVERYBOOTS designations and Defendant's Infringing Trade Dress.  RP Sports demanded that Defendant immediately discontinue all use of Defendant's Infringing Trade Dress, the RECOVERY BOOTS and RECOVERYBOOTS designations, and any other designations likely to cause confusion with or dilution of RP Sports' intellectual property rights, including, without limitation, color schemes.

26.     On July 14, 2017, Defendant responded to RP Sports letter agreeing to remove "RECOVERY BOOTS" from its website as a gesture of goodwill but otherwise denying any claim of trademark infringement (including trade dress infringement) and advising that Defendant "declines to take any further action".

27.     Despite such representation, Defendant's use of the RECOVERYBOOTS designation has continued unabated on numerous posts promoting its pneumatic compression boots on various social media accounts controlled by Defendant.

28.     Defendant continues to make widespread use of Defendant's Infringing Trade Dress in advertising, marketing, promoting, offering for sale, selling and distributing its portable pneumatic compression systems.

29.     Defendant has adopted and is using RECOVERYBOOTS designation and a color scheme and font combination that is confusingly similar to the RP Sports trade dress with the intent to trade off the enormous good will that RP Sports has earned in its RECOVERYBOOTS® mark and the RP Sports Trade Dress to deceive and confuse the public

into believing that the goods and sold by Defendant are sponsored by, authorized by, associated with and/or originate from RP Sports.

30.    Despite being informed that its use of RECOVERYBOOTS and Defendant's Infringing Trade Dress infringes upon RP Sports' rights, Defendant has refused to cease its infringing activities.

31.    Defendant's ongoing, prominent and conspicuous use of RECOVERYBOOTS and Defendant's Infringing Trade Dress in connection with the same products and services in which RP Sports uses its RECOVERYBOOTS® mark and the RP Sports Trade Dress, and in the same or similar channels of trade, have blatantly infringed upon and continue to infringe upon RP Sports' RECOVERYBOOTS® mark and the RP Sports Trade Dress.

32.    Multiple instances of actual confusion have occurred and, continue to occur.  For example, Defendant has appeared at multiple tradeshows/conferences over the past few months where RP Sports was also in attendance and Defendant set up a booth promoting its portable pneumatic compression pump system making prominent use of Defendant's Infringing Trade Dress.  Multiple attendees of these various trade shows advised representative of RP Sports that they were confused and thought that Defendant was RP Sports and/or that Defendant's products were RP Sports products.  For illustrative purposes, the following are side by side photos of RP Sports' trade booth and Defendant's trade booth at recent trade shows:

| RP Sports' Trade Show Booth Photos | Rapid Reboot Trade Show Booth Photos |
|---|---|
| National Strength and Conditioning Association Conference June 2016 | National Strength and Conditioning Association Conference July 2017 |
|  |  |

## COUNT I
## <u>TRADEMARK INFRINGEMENT</u>

33.     RP Sports repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

34.     The federal registration of RP Sports' RECOVERYBOOTS® mark evidences RP Sports' exclusive right to use the RECOVERYBOOTS® mark in connection with pneumatic compression boots for treatment of medical conditions and therapeutic use. 15 U.S.C. § 1115.

35.     RP Sports' U.S. Patent and Trademark Office Registration No. 4064772  for RECOVERYBOOTS® has acquired incontestable status.  As such, it constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of RP Sports' ownership of the mark, and of RP Sports' exclusive right to use the registered mark in commerce as provided in Section 33 of the Lanham Act, 15 U.S.C. § 1115.

36.     The pneumatic compression boots promoted and sold by the Defendant in connection with the RECOVERY BOOTS and RECOVERYBOOTS designations are less expensive versions of the type of pneumatic compression boots offered and sold by RP Sports.

37.     Defendant's uses of the RECOVERY BOOTS and RECOVERYBOOTS designations are identical in sound, meaning and appearance to RP Sports' pre-existing REOVERYBOOTS® mark.  The marks create the same commercial impression and are confusingly similar.

38.     RP Sports' and the Defendant's respective pneumatic compression boots are promoted in the same channels of trade and are directed to the same or similar clients.   RP Sports' and Defendant's customers and potential customers are athletes and athletic trainers seeking products that assist athletes in their recovery and rehabilitation.

39.     Defendant's use of the RECOVERY BOOTS and RECOVERYBOOTS designations in connection with pneumatic compression boots is likely to cause confusion or mistake or to deceive, as to the source, affiliation or sponsorship with RP Sports' RECOVERYBOOTS® mark for its pneumatic compression boots in violation of 15 U.S.C. § 1051 et seq., specifically §§ 1114-1118.

40.     This unauthorized use by the Defendant constitutes infringement of RP Sports' registered mark, described above, in clear violation of 15 U.S.C. § 1051 et seq., to the substantial and irreparable injury of the public and of RP Sports' RECOVERYBOOTS® mark, business reputation, and goodwill.

41.     The activities of the Defendant complained of herein constitute willful and intentional infringement of RP Sports' federally registered RECOVERYBOOTS® marks, in derogation of RP Sports' rights in violation of 15 U.S.C. §§ 1114 and 1117.   Acts of infringement commenced and have continued in spite of the Defendant's knowledge that the use of RP Sports' RECOVERYBOOTS® mark or substantially similar variations thereof was and is in contravention of RP Sports' rights.

42.     RP Sports has not given consent directly or indirectly to the Defendant to use the RECOVERYBOOTS® mark, or any mark including the term RECOVERYBOOT, or any mark similar thereto.

43.     The Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of RP Sports in its marks and in its business, reputation, and goodwill.

44.     RP Sports' damages from the aforesaid unlawful actions of the Defendant, to the extent ascertainable, have not yet been determined.

45.     RP Sports seeks reasonable and necessary attorney's fees and costs given the willful conduct of the Defendant.

46.     RP Sports seeks treble damages given the willful conduct of the Defendant.

## COUNT II
## TRADE DRESS INFRINGEMENT

47.     RP Sports repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

48.     Since at least as early as January 2011, RP Sports has continuously and consistently made widespread use of its distinctive RP Sports Trade dress in connection with the advertising, promotion, and sale in commerce of its portable pneumatic compression pump products, including, inter alia, (i) on its website, (ii) on its various social media accounts, (iii) on brochures and other printed marketing materials, (iv) on its trade show booths, and (v) on its products.  See paragraph 22 for images showing RP Sports' use of the RP Trade Dress.

49.     RP Sports began using the RP Sports Trade Dress long before Defendant was formed and began offering and selling its products.

50.      The RP Sports Trade Dress is non-functional as used in connection with RP Sports' products.

51.     Consumers seeking portable pneumatic compression systems and related products for athletes have come to recognize and identify the RP Sports Trade Dress as identifying and distinguishing RP Sports' goods from those manufactured and sold by others, even if the source is unknown, and the RP Sports Trade Dress is a valuable asset belonging to RP Sports.

52.     Subsequent to RP Sports' adoption and use in commerce of the RP Sports Trade Dress, Defendant began selling and continues to sell in commerce its less expensive and inferior

quality portable pneumatic compression systems for athletes using Defendant's Infringing Trade Dress that is confusingly similar to the RP Sports Trade Dress and that is likely to cause confusion and mistake and to deceive consumers as to the source, origin, or sponsorship of Defendant's products.

53.    The likelihood of confusion caused by Defendant's adoption and use of Defendant's Infringing Trade Dress has been exacerbated by Defendant's widespread unauthorized and infringing use of the RECOVERY BOOTS and RECOVERYBOOTS designations, which are identical to RP Sports' RECOVERYBOOTS® mark, in connection with the promotion and sale of its pneumatic compression boots.

54.    Defendants have not been authorized by RP Sports to sell products bearing the RP Sports Trade Dress or any confusingly similar variation thereof, including Defendant's Infringing Trade Dress.

55.    Consumers are likely to be confused that Defendant is affiliated with or is RP Sports and/or that Defendant's products, including its portable pneumatic compression pump system for athletes, originate from, or are otherwise sponsored by or affiliated with RP Sports, when they are not.

56.    RP Sports is aware of multiple instances of actual confusion arising out of Defendant's use of Defendant's Infringing Trade Dress.

57.    Defendant's unlawful actions have been committed willfully with the intention to syphon off of RP Sports' goodwill and to cause confusion, mistake, and deception.

58.    Defendant's acts have caused immediate irreparable injury to RP Sports and will continue to harm RP Sports unless enjoined.

59.     Defendant's unlawful action have caused monetary damage in an amount presently unknown, but in an amount to be determined at trial.

60.     RP Sports seeks attorneys' fees and costs given the willful conduct of Defendant.

61.     RP Sports seeks treble damages given the willful conduct of Defendant.

## COUNT III
## FEDERAL UNFAIR COMPETITION

62.     RP Sports repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

63.     After RP Sports' adoption and use of its RECOVERYBOOTS® mark in connection with its leg compression garments, and with actual and constructive notice thereof, Defendant adopted and continues to use the RECOVERYBOOTS designation in connection with the promotion and sale of a less expensive and inferior quality version of the pneumatic compression boot products as sold by RP Sports in connection with its federally registered RECOVERYBOOTS® mark.

64.     After RP Sports' adoption and use of its RP Sports Trade Dress, and with actual notice thereof, Defendant blatantly adopted and has continued to use Defendant's Infringing Trade Dress in connection with the promotion and sale of less expensive and inferior quality portable pneumatic compression pump system products to athletes.

65.     RP Sports has not given consent directly or indirectly to the Defendant to use the RECOVERYBOOTS® mark, or any mark similar thereto.

66.     RP Sports has not given consent directly or indirectly to the Defendant to use the RP Sports Trade Dress or any trade dress similar thereto.

67.     Defendant's activities are likely to cause confusion, or to cause mistake, or to deceive, causing great harm to RP Sports' reputation and goodwill.

68.    Defendant's use of the RECOVERY BOOTS and RECOVERYBOOTS designations in connection with pneumatic compression boots is likely to cause confusion or mistake or to deceive, as to the source, affiliation or sponsorship with RP Sports' RECOVERYBOOTS® mark for its pneumatic compression boots.

69.    Defendant's portable pneumatic compression pump systems, including its pneumatic compression boots, are sold to the same types of consumers to whom RP Sports sells its portable pneumatic compression pump systems, including its pneumatic compression boots.

70.    Defendant sells its portable pneumatic compression pump systems, including its pneumatic compression boots, though trade channels that overlap with those utilized by RP Sports.

71.    Defendant has knowingly and willfully continued to use the RECOVERYBOOTS designation to advertise, market, promote, offer for sale and sell its pneumatic compression boots with knowledge of RP Sports' rights in and to its RECOVERYBOOTS® mark and has acted in bad faith in continuing such actions.

72.    Defendant has knowingly and willfully continued to use Defendant's Infringing Trade Dress that is identical, or nearly so, to the RP Sports Trade Dress to advertise, market, promote, offer for sale and sell its portable pneumatic compression pump system products with knowledge of RP Sports' rights in and to the RP Sports Trade Dress and has acted in bad faith in continuing such actions.

73.    Multiple instances of actual confusion have occurred and, continue to occur as detailed in paragraph 32.

74.    In light of the foregoing, Defendant's use of the RECOVERY BOOTS and RECOVERYBOOTS designations to advertise, market, promote, offer for sale, sell and/or

distribute its pneumatic compression boots is likely to confuse consumers into believing that Defendant and/or its leg compression garment products are RP Sports' RECOVERYBOOTS® pneumatic compression boots or that such products are affiliated or associated with, or otherwise sponsored or endorsed by, RP Sports when that is not the case.

75.     In light of the foregoing, Defendant's use of a Defendant's Infringing Trade Dress that is that is nearly identical and confusingly similar to the RP Sports Trade Dress to advertise, market, promote, offer for sale, sell and/or distribute its portable pneumatic compression pump system products is likely to confuse consumers into believing that Defendant is affiliated with or is RP Sports and/or that Defendant's portable pneumatic compression pump system products are affiliated or associated with, or otherwise sponsored or endorsed by, RP Sports when that is not the case.

76.     In light of Defendant's actions, Defendant has infringed upon RP Sports' rights in its RECOVERYBOOTS® trademark and otherwise unfairly competed with RP Sports in violation of 15 U.S.C. § 1125(a).

77.     In light of Defendant's actions, Defendant has infringed upon RP Sports' rights in its RP Sports Trade Dress and otherwise unfairly competed with RP Sports in violation of 15 U.S.C. § 1125(a).

78.     Defendant's unlawful actions have been committed willfully with the intention to compete unfairly with RP Sports, to syphon off of RP Sports' goodwill, and to cause confusion, mistake, and deception.

79.     Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of RP Sports and its business, reputation and goodwill.

80. Defendant's unlawful action have caused monetary damage in an amount presently unknown, but in an amount to be determined at trial.

81. RP Sports seeks attorneys' fees and costs given the willful conduct of Defendant.

82. RP Sports seeks treble damages given the willful conduct of Defendant.

### COUNT IV
### COMMON LAW UNFAIR COMPETITION

83. RP Sports repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

84. The RP Sports Trade Dress is entitled to protection under the common law. The RP Sports Trade Dress includes unique, distinctive, and non-functional designs. RP Sports has extensively and continuously promoted and used the RP Sports Trade Dress for years in the United States and the State of Texas. Through that extensive and continuous use, the RP Sports Trade Dress has become a well- known indicator of the origin and quality of RP Sports' portable pneumatic compression pump systems. The RP Sports Trade Dress had acquired secondary meaning in the marketplace prior to the acts of Defendant complained of herein.

85. Defendant's adoption of Defendant's Infringing Trade Dress in connection with the advertisement, promotion and sale of less expensive and inferior quality portable pneumatic compression pump systems in direct competition with RP Sports constitutes common law unfair competition at least by palming off/passing off Defendant's products by creating the false and misleading impression that Defendant's products are manufactured by, authorized by, or otherwise associated with RP Sports. Defendant has also interfered with RP Sports' business.

86. Defendant's use of Defendant's Infringing Trade Dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to RP Sports for which RP Sports has no adequate remedy at law, including at least substantial and irreparable injury to the

goodwill and reputation for quality associated with RP Sports Trade Dress with RP Sports and RP Sports' portable pneumatic compression pump system products.

87.     On information and belief, Defendant's use of Defendant's Infringing Trade Dress has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarities of Defendant's Infringing Trade Dress and the RP Sports Trade Dress, as demonstrated in, for example, in the images provided in paragraph 22 above, and by Defendant's continuing disregard for RP Sports' rights.

88.     RP Sports is entitled to injunctive relief, and RP Sports is also entitled to recover at least RP Sports damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

## COUNT V
## COMMON LAW MISAPPROPRIATION

89.     RP Sports repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

90.     Defendant's advertisements, promotions, offers to sell, sales, and/or distribution of its portable pneumatic compression pump systems, in direct competition with RP Sports, constitute common law misappropriation.

91.     The RP Sports Trade Dress is entitled to protection under the common law.  The RP Sports Trade Dress includes unique, distinctive, and non-functional designs.  RP Sports has extensively and continuously promoted and used the RP Sports Trade Dress for years in the United States and the State of Texas. Through that extensive and continuous use, the RP Sports Trade Dress has become a well-known indicator of the origin and quality of RP Sports' portable pneumatic compression pump systems. The RP Sports Trade Dress had acquired secondary meaning in the marketplace prior to the acts of Defendant complained of herein.

92.     RP Sports created the products covered by the RP Sports Trade Dress through extensive time, labor, effort, skill, and money.  Defendant has wrongfully used the RP Sports Trade Dress, and/or colorable imitations thereof in competition with RP Sports and gained a special advantage because Defendant was not burdened with the expense incurred by RP Sports in building the substantial goodwill in the RP Sports Trade Dress.  Defendant has commercially damaged RP Sports, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of Defendant's portable pneumatic compression pump systems, by creating the false and misleading impression that its products are manufactured by, authorized by, or otherwise associated with RP Sports and by taking away sales that RP Sports would have made.

93.     Defendant's use of Defendant's Trade Dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to RP Sports for which RP Sports has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the RP Sports Trade Dress, with RP Sports, and with RP Sports' portable pneumatic compression pump system products.  Moreover, as a result of its misappropriation, Defendant has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that RP Sports invested in establishing the reputation and goodwill associated with the RP Sports Trade Dress, with RP Sports, and with RP Sports' pneumatic compression pump system products.

94.     Defendant's misappropriation of the RP Sports Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidenced at least by the similarities of Defendant's Infringing Trade Dress and the RP Sports

Trade Dress, as demonstrated in, for example, in the images provided in paragraph 22 above, and by Defendant's continuing disregard for RP Sports' rights.

95.    RP Sports is entitled to injunctive relief, and RP Sports is also entitled to recover at least RP Sports' damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

## PRAYERS FOR RELIEF

**WHEREFORE**, RP Sports prays for relief against the Defendant as follows:

1.    That the Court preliminary and permanently enjoin and restrain the Defendant, its officers, directors, agents, employees and all persons in active concert or participation with it who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing, contributing to, inducing or abetting any of the following:

(a)    infringing or contributing to the infringement;

(b)    engaging in any acts or activities directly or indirectly calculated to infringe RP Sports' RECOVERYBOOTS® mark and the RP Sports Trade Dress;

(c)    using in selling, offering for sale, promoting, advertising, marketing or distributing of the Defendant's products or services, signage, advertisements or marketing materials that use the term RECOVERYBOOTS® mark and/or a trade dress that is identical to the RP Sports Trade Dress or that is a substantially similar variation thereof;

(d)    using any configuration or design that is confusingly similar to RP Sports' RECOVERYBOOTS® mark or the RP Sports Trade Dress; and

(e)    otherwise competing unfairly with RP Sports in any manner whatsoever.

2.    That the Court find that the Defendant is infringing RP Sports' RECOVERYBOOTS® mark, infringing the RP Sports Trade Dress, and is competing unfairly with RP Sports.

3.     That the Court Order the Defendant to deliver up to RP Sports for destruction, at the Defendant's expense, products, catalogs, web site materials, literature, brochures, packaging, signs, promotional materials, advertisements and other communications to the public in the possession or under the control of the Defendant, and any other material or any representations that are or may contain designations similar to RP Sports' RECOVERYBOOTS® mark and/or similar to the RP Sports Trade Dress.

4.     That the Court Order the Defendant to account for and pay to RP Sports the damages to which RP Sports is entitled as a consequence of the infringement of RP Sports' RECOVERYBOOTS® mark and the RP Sports Trade Dress.

5.     That the Court Order the Defendant to account for and to pay over to RP Sports all damages suffered by RP Sports as a result of the Defendant's unfair competition.

6.     That the Court order the Defendant to account for and pay over to RP Sports all profits received by the Defendant from its unlawful acts.

7.     That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of the Defendant so as to prevent fraud on the Court and so as to ensure the capacity of the Defendant to pay, and the prompt payment of, any judgment entered against the Defendant in this action.

8.     That the Court award RP Sports its compensatory, incidental, and consequential damages.

9.     That the Court award RP Sports enhanced, treble, and/or punitive damages.

10.    That the Court award RP Sports its reasonable attorney's fees and the costs of this action.

11.    That the Court grant RP Sports such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

RP Sports demands a trial by jury on all triable issues of fact.

DATED:  August 15, 2017

By:      /s/ Ronald E. Tigner
Ronald E. Tigner
Texas Bar No. 20028000
Federal Bar No. 3095

Camille M. Miller (To Be Admitted Pro Hac Vice)
David B. Sunshine (To Be Admitted Pro Hac Vice)
David M. Albert (To Be Admitted Pro Hac Vice)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
215-665-7273
215-701-2273
cmiller@cozen.com

Attorneys for Recovery Pump LLC d/b/a RP Sports